Haluk Savci, Esq.
Tamir W. Rosenblum, Esq.
MASON TENDERS DISTRICT
COUNCIL OF GREATER NEW YORK
520 Eighth Avenue, Suite 650
New York, New York 10018
(212) 452-9451

Counsel for Respondents

SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
AURORA CONTRACTORS, INC.,                                   :
                                                            :
                            Petitioner,                     :     20 CV 6072 (LGS)
                                                            :
        - against -                                         :
                                                            :
CONSTRUCTION & GENERAL BUILDING                             :     **Respondents' Reply**
LABORERS, LOCAL 79,                                         :     **Memorandum of**
                                                            :     **Law in Opposition to**
                            Respondent.                     :     **Petition**
                                                            :
------------------------------------------------------------X

## INTRODUCTION

The Mason Tenders District Council of Greater New York and Long Island (the "MTDC") and its constituent local Construction & General Building Laborers' Local 79 (the "Union") (hereinafter collectively the "Respondents") submit this memorandum of law in opposition to the Petition of Aurora Contractors, Inc. ("Aurora" or the "Petitioner") to stay arbitration proceedings noticed by Local 79 brought under the grievance provision of Aurora's collective bargaining agreement with the Union.

Petitioner's request to stay Local 79's arbitration is without basis in fact or law. Petitioner ignores that it had a long-standing agreement with the Union which since 2005 renewed annually under the terms of an explicit evergreen provision (the "CBA"). In May 2015,

Petitioner's counsel sent the MTDC a termination letter on behalf of Aurora outside the 30-day window period stipulated in the evergreen provision. Petitioner claims that this May 2015 letter was a correction of a letter sent on April 30 which had clearly sought to terminate a separate corporate entity's collective bargaining agreement with respect to an agreement with a different union, General Building Laborers Local 66. Not only did the Petitioner fail to terminate the CBA in accordance with its terms, it ignores the clear legal rule that makes any question concerning the effectiveness of its letters one for the arbitrator, not the court.

## FACTUAL BACKGROUND

On or around January 2002, Aurora through its Vice-President Joseph Koslow, entered into a 2002-2005 Master Independent Collective Bargaining Agreement (the "CBA") with the Union. Declaration of Haluk Savci, Esq. at ¶ 4. That CBA contained at Article X a Grievance and Arbitration provision which provides "[t]he Union may submit disputes arising between the parties involving questions of interpretation of any clause of this Agreement (or a previous Agreement to which the Employer was subject) as a grievance." *Id.*

The CBA at Article IV sets forth the type of work which the Employer agrees shall be covered by the agreement, including providing numerous provisions related to demolition work. Article IV, Section 1 defines employees doing such work as "Mason Tenders". Article II, Section 1, in turn, provides that the "Employer shall not enter into a contract with any other person, firm, partnership, corporation or joint venture employing Mason Tenders to perform bargaining unit work as defined in Article IV of this Agreement on the same job site, unless such other person, firm or partnership, corporation or joint venture is bound by an Agreement with the Union." *Id.*

The CBA at Article XII provides for its annual renewal after its stated three-year term, which language is typically referred to as an "evergreen clause." The clause, set forth below, causes the CBA to stay in effect absent notice given by one of the parties to the other within a specified time-window (more or less April of each calendar year following the initial three-year term), which notice must express the desire of the party seeking to nullify the effect of the evergreen clause to "modify, amend, or terminate this Agreement". Article XII states:

> This Agreement shall become effective and binding upon the parties hereto on the 1st day of July, 2002, and remain in full effect through June 30, 2005I and shall renew from year to year thereafter unless either party hereto shall give written notice to the other of its desire to modify, amend, or terminate this Agreement. Such notice must be given in writing delivered by certified mail, postage prepaid, at least sixty days, but no more than ninety days before the expiration date of this Agreement. In the event either party give written notice of its desire to terminate, modify or amend this Agreement pursuant to this Article, the Agreement with the exception of any and all prohibitions contained herein on the right to strike, shall remain in effect past the expiration date and the conditions established by the Agreement maintained until such time as impasse is reached and declared as defined under the National Labor Relations Act. *Id.*at ¶ 5.

On May 12, 2015, Counsel for Aurora sent the MTDC a noncertified mailed letter notifying the Union that Aurora intended to terminate the CBA effective July 1, 2015. *Id.*at ¶ 7. The letter was plainly sent and received outside the 30-day termination window set forth in Article XII's the evergreen clause. Petitioner's counsel styled the communication a "Corrections Letter". Thereby apparently referencing a noncertified letter he had mailed on April 30, 2015 purporting to terminate the agreement of a company ABZ Contracting, Inc. with a union named General Building Laborers Local 66. *Id.* As counsel for the Petitioner knew in styling his May 12 letter a "Correction", the April 30th letter was ineffective. It did not reference either of the parties to CBA, and therefore did not express a desire to "modify, amend, or terminate" the CBA.

In or around late February 2020, Local 79 discovered Aurora had hired a demolition company to perform work at a jobsite located at 338 Johnson Street, and the subcontractor did not have an agreement with the Union. On July 1, 2020, in accordance with the grievance and arbitration provisions set forth in Article X of the CBA, the Union notified Aurora of a claimed violations of the CBA. *Id.*at ¶ 8. On July 14, 2020, the Union forwarded to Aurora by certified and regular mail a Notice of Intention to Arbitrate demanding arbitration on the following controversy:

> Whether Aurora Contractors, Inc. has violated the Collective Bargaining Agreement by, including but not limited to, allowing Alba Services, Inc., a non-union contractor, to perform bargaining unit work at the located at 333 Johnson Avenue? If so, what should be the remedy? *Id.*

On August 4, 2020, Aurora filed the present Petition arguing that Aurora had terminated the CBA in 2015. *Id.*at ¶ 9.

## ARGUMENT

The controlling case here is the Second Circuit's decision in *Abram Landau Real Estate v. Bevona*, 123 F. 3d 69, 73 (2d. Cir (1997). In *Abram Landau*, a union forwarded a letter seeking to terminate a collective bargaining agreement. The agreement contained an evergreen clause, which caused the contract to renew automatically unless a party sent proper notice to terminate it. After the agreement would have expired but for a proper notice disabling the effect of the evergreen clause, the union sought to arbitrate a dispute concerning an employee discharge. The employer went to court to stay the arbitration, arguing that the union had sent proper notice and the contract had expired.

The case reached the Second Circuit on appeal of a district court decision which had found the question of the effectiveness of the union's termination notice a matter for the arbitrator to decide, not the court. The Second Circuit agreed and denied the appeal.

4

In so doing, the Court set forth the law regarding the kinds of arbitrability disputes judges decide, and the kinds arbitrators decide, specifically in the context of disputes concerning whether there was a binding written agreement between the parties to arbitrate. While recognizing that it is for a court to decide disputes concerning whether the parties *had reached agreement* to maintain a collective bargaining agreement between them that contained an applicable arbitration clause; the Court held that it was for the arbitrator to decide whether such an agreement had been terminated. The Court explained:

> The question whether an otherwise valid collective bargaining agreement has expired or has been terminated is different [than a question over contract formation]. In these situations, the parties' dispute is not really over what an arbitration clause provides; rather, it is a dispute over the interpretation of other clauses of the collective bargaining agreement, e.g., termination clauses, or in [this] case an "evergreen clause." In determining whether an arbitrator or a court gets to interpret a termination clause or "evergreen clause," the dispositive question is whether the parties have agreed that an arbitrator should decide that question. Where the agreement contains a sweeping arbitration clause covering all disputes involving the meaning of terms and provisions of the agreement and where the arbitration clause does not expressly exclude disputes over the termination provision or the "evergreen" clause, disputes over these matters should be submitted to arbitration.

*Id. at* 73.

The law applicable in this case, the facts, and the required outcome, are thus all clear. The CBA was "fully executed" and in Article X contains a "sweeping" arbitration clause providing for arbitration of "disputes arising between the parties involving questions of interpretation of any clause of this Agreement (or a previous Agreement to which the Employer was subject." The question here, as in *Abram Landau*, is just whether notice sent regarding the contract's termination was effective within the meaning of an evergreen clause.

*Abram Landau* holds that this is a question is for the arbitrator. *See also Seabury Constr. Corp. v Dist. Council of NY & Vic. of the United Bhd. of Carpenters & Joiners of Am.*, 461 F

Supp 2d 193, 198 (SDNY 2006) (citing *Abram Landau* for the proposition that "[a]s in the case with an "evergreen" provision of a CBA, [the] argument that the arbitration term of the [] Agreement is not effective is for an arbitrator to determine".)

Petitioner makes no effort to explain how the facts of this case allow the Petition to survive nor do they try to distinguish *Abram Landau*. Petitioner references *Abram Landau* once and does so for the inapposite proposition that "when parties disagree about whether they ever entered into an arbitration agreement, a court decides that issue." The Petitioner tries to make that proposition relevant by misstating the facts, claiming there that "Petitioner did not execute a CBA with Respondent ..." Petitioner's Memorandum of Law at 4.

That is false. Petitioner entered into the CBA, explaining as much on the first page of their Memorandum where it pronounces that "[t]he ... fully executed collective bargaining agreement between Aurora and Local 79 expired ...". Petitioner supports *that* representation with an affidavit. Vero Affidavit at ¶ 3.

The question being presented *by the Petitioner*, is clearly whether the CBA expired, not whether it was ever formed. The question at issue is for the arbitrator.

Part C of Petitioner's Memorandum argues against applying various exceptions to the general rule that courts should not compel arbitration in the absence of a signed agreement which binds the parties to that process. In Part C, Petitioner gets lost in issues not presented. This is not a case involving a union seeking arbitration without a signed agreement, such that it must rely on doctrines like: "(1) incorporation by reference, (2) assumption, (3) agency, (4) veil piercing/alter ego, and (5) estoppel." Petitioner's Memorandum of Law at 8.

6

The Union entered into the CBA with Aurora. Aurora admits it "fully executed" the CBA. Whether the CBA expired is for the arbitrator to decide. The "exceptions" Petitioner hastily runs through in Part C are therefore irrelevant.

More generally, the Petition presents no disputes between the parties which are ripe for judicial decision and, as such, the Petition should be dismissed.

## CONCLUSION

The Petition is without merit and should be dismissed with an assessment of costs and fees on the Petitioner.

Dated: August 14, 2020,
New York, NY

Respectfully submitted,

By: _____
Haluk Savci, Esq.
Tamir W. Rosenblum, Esq.
MASON TENDERS DISTRICT
COUNCIL OF GREATER NEW YORK
520 Eighth Avenue, Suite 650
New York, New York 10018
(212) 452-9451

Counsel for Respondents