

# Mason Tenders District Council
OF GREATER NEW YORK & LONG ISLAND

**Tamir Rosenblum**
GENERAL COUNSEL

trosenblum@masontenders.org

August 25, 2020

Hon. Lorna G. Schofield
United States District Court Judge
United States Courthouse
40 Foley Square
New York, NY 10007

        Re:    Aurora v Construction and General Building Laborers Local 79
                  Case No.: 20-cv-6072 (LGS)

Dear Judge Schofield:

      I write on behalf of the Mason Tenders District Council of Greater New York and Long Island (the "MTDC") and its constituent local Construction & General Building Laborers' Local 79 (the "Union") (hereinafter collectively the "Respondents"), to request leave to file a Sur-Reply memorandum of no more than five pages, in response to the Reply Memorandum submitted by Aurora Contractors, Inc. ("Aurora") on August 21, 2020 (the "Reply Memo").

      We request such leave because for the first time in its Reply Memo Aurora raises as an issue the question of whether the Respondents have a "colorable" claim that Aurora failed to terminate the parties' collective bargaining agreement (the "CBA"). Aurora erroneously took the position in its initial memorandum that there was unquestionably no collective bargaining agreement between the parties, failing to so much as attach the CBA to the Petition, even while referencing the CBA in its recitation of the facts. Aurora's argument was that no *new* contract had formed between the parties since 2015. It relied on *Abram Landau Real Estate v. Bevona*, 123 F. 3d 69, 73 (2d. Cir (1997), for the proposition that questions of contract *formation* were for a court, rather than an arbitrator, to decide.

Hon. Lorna G. Schofield
August 25, 2020
Page 2 of 2

In Response, the Respondents argued that the question of contract formation was not at issue here because the parties had entered into the CBA so the question was, instead, whether Aurora terminated it pursuant to its 'evergreen' clause. Respondents explained that *Abram Landau* (which likewise involved an "evergreen" clause) reserves that question for an arbitrator, not a court.

In its Reply Memo, Aurora for the first time sets forth a contract-*termination* based-standard. It claims that applicable cases other than *Abram Landau* allow a court to hear a contract-termination case such as this one if there is no "colorable" question as to whether the contract terminated. Reply Memo at 1-2.

Because it was only on Reply that Respondents have presented what they now contend is the full applicable standard they must meet to establish the Court's jurisdiction, Respondents' have not been given a full and fair opportunity to address their arguments.

Respondents accordingly request leave to file a Sur-Reply memorandum, not to exceed five pages, limited to the two issues of whether: i) the "colorable" criterion even applies in a case such as this (and *Abram Landau*) involving an evergreen clause; and ii) if the "colorable" criterion does apply, whether Aurora's has shown beyond even a "colorable" doubt that the CBA terminated.

In the alternative, Respondents request that the Court schedule oral argument.

Thank you for your consideration of this matter

Sincerely,

Tamir W. Rosenblum

cc.  M. Mauro
     By ECF