**MILMAN LABUDA LAW GROUP PLLC**
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

August 26, 2020

<u>Via ECF</u>

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**RE:   Aurora Contractors, Inc. v. Construction and General Building Laborers Local 79**
       **Case No.: 20-cv-6072 (LGS)**

Dear Judge Schofield:

This firm represents Petitioner Aurora Contracting, Inc. ("Aurora") in the above-referenced matter. Aurora submits this letter in opposition to the request by Respondent Mason Tenders District Council Local 79 ("Union") to submit a sur-reply. While the Court has issued an Order scheduling a conference for October 22, 2020, it is incumbent upon Aurora to respond to the Union's letter.

There is no basis for the Union to submit a sur-reply. First, Your Honor's Individual Rules of Practice ("Rules") do not permit a party to file a sur-reply. In fact, the Rules explicitly identify the progression of permissible briefing: an opening brief, an opposition, and reply. This is underscored by the fact that the Union did not cite to any provision of the Rules that permits a party to seek leave to file a sur-reply.

Second, aside from the procedural infirmity, the Union incorrectly argues that Aurora presented a new issue in its reply in further support of the Petition. Aurora did not present any new issue or legal theory in its reply. Apparently, the Union misunderstood the argument *ab initio*. The Vero Affidavit (and its factual recitation in Aurora's accompanying memorandum of law) states there was a CBA and referenced the "evergreen clause." (Aurora Br. pp. 1-3). Aurora explained that it terminated the CBA in 2015 (via oral and written notice) and it had no obligation to arbitrate the grievance regarding alleged improper subcontracting (filed five years after the CBA was terminated) because there was no CBA obligating Aurora to do so. Aurora repeatedly argued that the issue of whether Aurora had an obligation to arbitrate where the CBA had expired was for the Court to decide. (Aurora Br. pp. 4-6). Aurora cited <u>Abram Landau</u> among numerous other cases.

The Union, in fact, relied heavily on <u>Abram Landau</u> in its opposition brief inveighing for several pages that <u>Abram Landau</u> required an arbitrator to decide the issue of arbitrability. (Union Br. pp. 4-6). The Union attempted to explain why Aurora's citation to <u>Abram Landau</u> was wrong,

Hon. Lorna G. Schofield, U.S.D.J.
August 26, 2020
Page 2 of 2

but the Union failed to state the complete standard that courts apply in deciding the issue of CBA expiration.  It is obvious why the Union ignored the entire standard because it has no facts to argue it has a colorable claim that the CBA did not expire.  <u>Tile Setters & Tile Finishers Union of N.Y. & N.J. v. Speedwell Design/BFK Enter., LLC</u>, No. 06-CV-5211 (KAM), 2009 U.S. Dist. LEXIS 27270, at *25 (E.D.N.Y. Mar. 31, 2009) (quoting <u>Ottley v. Sheepshead Nursing Home</u>, 688 F.2d 883, 886 (2d Cir. 1982)).  Notably, the Union did not challenge its five (5) years of silence in its opposition brief or cite a single fact in its sur-reply request to refute the five (5) years of silence.  The Union had the opportunity to provide facts to show it did something to police the CBA, and it did not do so.  The Union could have simply stated the full standard in their opposition and addressed it then, but they purposely omitted the "colorable claim" portion of the test because it is not favorable for them.  Moreover, the Union did not cite any cases demonstrating that the "colorable claim" standard is inapplicable.

     The Union cannot change history.  It did not grieve the alleged procedural infirmity in the notice to terminate, it did not seek to negotiate a single new provision of the CBA in more than five (5) years, it did not conduct a single audit regarding union dues or fringe benefits funds, it did not seek to obtain a single penny extra in wages or benefits contributions for the past five (5) years, and it did not provide any evidence that a single employee of Aurora performed work covered by the CBA during that five-year period.  Based on the applicable standard, this Court has jurisdiction to decide whether Aurora has an obligation to arbitrate because the Union has no ability to demonstrate that it has a colorable claim.

     Therefore, the Union's request to file a sur-reply must be denied.

Respectfully submitted,

/s/
Michael J. Mauro

cc:    All Counsel of Record (via ECF)
       Client (via E-Mail)