Haluk Savci, Esq.
Tamir W. Rosenblum, Esq.
MASON TENDERS DISTRICT
COUNCIL OF GREATER NEW YORK
520 Eighth Avenue, Suite 650
New York, New York 10018
(212) 452-9451

Counsel for Respondents

SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

AURORA CONTRACTORS, INC.,

                 Petitioner,

- against -

CONSTRUCTION & GENERAL BUILDING
LABORERS, LOCAL 79,

                 Respondents.
------------------------------------------------------------X

20 CV 6072 (LGS)

**Respondents' Sur-Reply Memorandum of Law in Opposition to Petition**

In its Reply, Aurora for the first time asserts that Local 79's requested arbitration must be stayed because the Union has failed to show it has a "colorable claim" that the parties' collective bargaining agreement continues in effect. Aurora's argument fails for two reasons.

First, the Company ignores the Second Circuit's very strong general deference to agreed-upon arbitral processes.[1] A union seeking arbitration need only show that there is a "barely colorable" dispute that warrants arbitration.[2] As the court in *Abram Landau Real Estate v. Bevona*, 123 F. 3d 69, 73 (2d. Cir 1997), held, "evergreen clause [] disputes ... should be submitted to arbitration."

---

[1] *Saint Mary Home, Inc. v. Serv. Employees Int'l Union, Dist 1199*, 116 F.3d 41, 44 (2d Cir. 1997).
[2] *Niagara Blower Co. v Shopmen's Local Union 576*, 794 F App'x 78, 81 (2d Cir 2019).

Second, when one applies this deferential standard here, Local 79 certainly has a viable claim that the CBA never terminated. Aurora now suggests that termination occurred because Local 79 never told the Company that the Union would not honor the Company's untimely effort to terminate the CBA. The Union denies that it had such an obligation under the CBA. The evergreen clause is unambiguous, and Aurora did not follow it. Arbitrators are bound to the terms of the provisions they are charged to interpret,[3] especially in the case of evergreen clauses.[4] In other words, an arbitrator will certainly not be required to credit Aurora's disingenuous effort to engineer a termination through its "Corrections Letter." In short, an arbitrator is likely to reject Aurora's "Rip Van Winkle" argument and find that it was the Company that slept at its peril until after its ability to terminate the CBA in 2015 had expired.

None of the cases cited by Aurora are to the contrary. Two are inapposite because they arise under New York state law (one from 1926), even though federal courts must follow "federal rules of [contract] law in order to ensure uniform interpretation of collective-bargaining agreements."[5] The Company misquotes *Reives v. Lumping*, 632 F Appx 34, 36 (2d Cir 2016) as a contract case, when *Reives* concerns "abandonment" as a matter of civil procedure. And the case Aurora most heavily relies upon, *Tile Setters & Tile Finishers Union, Local Union No. 7 v Speedwell Design/BFK Enter.*, 2009 US Dist LEXIS 27270, at *23 (E.D.N.Y. 2009), reserves questions of contract termination for the arbitrator and also holds that "laches must be decided by the arbitrator" (which is the doctrine Aurora seems now to be invoking).

---

[3] *NY Hotel & Motel Trades Council v Hotel Assn.*, 1993 US Dist LEXIS 16615, at *15 (SDNY 1993) ("the arbitrator may indeed interpret ambiguous terms, [but] cannot disregard or modify unambiguous contract provisions").
[4] *IBEW Local Union No. 380 Health & Welfare Trust Fund v State Elec.*, 2006 US Dist. LEXIS 53777, at *8 (EDPA 2006) (collecting cases)
[5] *Lingle v Norge Div. of Magic Chef*, 486 US 399, 404 (1988).

2

For the same reasons, it is for the arbitrator to decide whether the CBA somehow terminated because the parties did not have any contractual disagreement between May 2015 and the present dispute over subcontracting. Local 79 is prepared to demonstrate in arbitration that construction companies often have long periods between jobs, which does not mean their labor or commercial contracts expire. The Union was not litigious in the interim—not because it was amenable to letting the CBA lapse—but because it was not aware of any violations. Again, labor arbitrators are constrained in their authority to interpret contract language out of existence (in this case—*the whole contract*). The arbitrator would be well within his authority to find the contract survived.

Last, because there is no question that the parties *are in dispute* over contract termination questions, no discovery is needed to establish that. But note, the present motion was not filed under Summary Judgement standards, so one outcome clearly foreclosed is a grant of the Petition based on factual assertions which Respondents have contested.

For the foregoing reasons and those set forth in Local 79's Response Memorandum, the Petition to stay the arbitration should be denied.

Dated: September 4, 2020,
New York, NY

Respectfully submitted,

By: _____
Haluk Savci, Esq.
Tamir W. Rosenblum, Esq.
MASON TENDERS DISTRICT
COUNCIL OF GREATER NEW YORK
520 Eighth Avenue, Suite 650
New York, New York 10018
(212) 452-9451

Counsel for Respondents