UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
AURORA CONTRACTORS, INC.,                  :
                              Petitioner,:
                                    :      20 Civ. 6072 (LGS)
           -against-              :
                                      :      **OPINION AND ORDER**
CONSTRUCTION AND GENERAL          :
BUILDING LABORERS LOCAL 79,       :
                             Respondent.:
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      Petitioner Aurora Contractors, Inc. brings this action to stay arbitration after Respondent Construction and General Building Laborers Local 79 submitted a notice of intent to arbitrate a dispute concerning Petitioner's hiring of subcontractors. For the reasons set forth below, the Petition to stay arbitration is denied.

**I.    BACKGROUND**

      The following facts are taken from the Petition, the parties' affidavits, declaration and accompanying exhibits.[1]

      The Mason Tenders District Council of Greater New York and Long Island (the "MTDC") is a labor organization that enters into collective bargaining agreements with employers on behalf of its constituent unions including Respondent. Aurora Contractors, Inc. is a contractor that, through its Vice-President, Joseph Koslow, executed a 2002-2005 Master Independent Collective Bargaining Agreement (the "Agreement") with the MTDC.

---

[1] The Court "considers all relevant, admissible evidence submitted by the parties" and "draws all reasonable inferences in favor of the non-moving party." *Cf. Starke v. SquareTrade, Inc.*, 913 F.3d 279, 281 n.1 (2d Cir. 2019) (on appeal from a denial of a motion to compel arbitration).

Article X of the Agreement specifies that Respondent may submit disputes "arising between the parties involving questions of interpretation or application of any clause of this Agreement . . . as a grievance" under a specified procedure.  If Petitioner and Respondent cannot resolve the grievance, Respondent may submit the matter to arbitration.  The Agreement also contains the following evergreen provision in Article XII:

> This Agreement shall become effective and binding upon the parties hereto on the 1st day of July, 2002, and remain in full effect through June 30, 2005, and shall renew from year to year thereafter unless either party hereto shall give written notice to the other of its desire to modify, amend, or terminate this Agreement. Such notice must be given in writing delivered by certified mail, postage prepaid, at least sixty days, but not more than ninety days, before the expiration date of this Agreement.

In January 2015, Petitioner (through counsel) orally notified Respondent that Petitioner would not renew the Agreement that was set to expire on June 30, 2015.  On April 30, 2015, sixty days before the expiration date, Petitioner mailed a letter to Respondent writing "on behalf of ABZ Contracting Inc." for the purpose of terminating a "fully executed agreement" between "ABZ Contracting Inc. and Laborers Local No. 66."  On May 12, 2015, Petitioner sent a second letter to Respondent titled "CORRECTION LETTER."  This second letter purported to "revise the letter sent . . . on April 30, 2015" and "inform [Respondent] that Aurora Contractors, Inc. will not be renewing its Collective Bargaining Agreement effective July 1, 2015."  Respondent did not respond to either letter.

In or around March 2020, a dispute developed on a jobsite in Brooklyn, New York, where Respondent's business agents learned that Petitioner had subcontracted demolition work to Alba Demolition.  In violation of the subcontracting clause of the Agreement, Alba Demolition did not have an agreement with the MTDC.  On July 1, 2020, Respondent forwarded Petitioner a grievance alleging its violation of the subcontracting provision of the Agreement,

and on July 14, 2020, the MTDC legal department sent Petitioner a notice of intent to arbitrate the dispute identified in the grievance.

On August 4, 2020, Petitioner filed the instant Petition to stay the arbitration. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, to resolve questions of federal law under the Federal Arbitration Act. *See also* 29 U.S.C. § 185(a) ("Suits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.").

## II.     STANDARD

The Federal Arbitration Act ("FAA") provides that written agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Starke v. SquareTrade, Inc.*, 913 F.3d 279, 288 (2d Cir. 2019) (internal quotations omitted) (citing 9 U.S.C. § 2). The Supreme Court has repeatedly instructed that the FAA "embod[ies] [a] national policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 346 (2011) (second alteration in original) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)). "[T]his policy is founded on a desire to preserve the parties' ability to agree to arbitrate, rather than litigate, disputes." *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 118 (2d Cir. 2012).

The question of whether the parties have agreed to arbitrate is "an issue for judicial determination unless the parties clearly and unmistakably provide otherwise." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016). Under the FAA, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like

defense to arbitrability." *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 130 (2d Cir. 2015) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).  The courts, however, must still decide whether the parties to a contract have agreed to arbitrate the dispute.  *Starke*, 913 F.3d at 288.  This question is governed by state-law principles, and here, New York contract law applies.

### III. DISCUSSION

The arbitrability of the Agreement should be determined by an arbitrator because the parties agreed to submit any disputes, including the question of whether the Agreement was terminated, to arbitration.

A court is presumed to decide the question of arbitrability unless there is "clear and unmistakable evidence from the arbitration agreement, as construed by relevant state law, that the parties intended that the question of arbitrability shall be decided by [an] arbitrator." *Wells Fargo Advisors, LLC v. Sappington*, 884 F.3d 392, 395 (2d Cir. 2018) (internal quotations omitted) (alteration in original).  Under Federal and New York contract law, the following principles are relevant to whether "an arbitration agreement clearly and unmistakably demonstrates that arbitrators rather than the courts are to resolve questions of arbitrability" -- (1) the intent of the parties govern; (2) a contract should be construed to give full meaning and effect to all of its provisions and (3) words and phrases should be given their plain meaning.  *Shaw Grp. Inc. v. Triplefine Int'l. Corp.*, 322 F.3d 115, 121 (2d Cir. 2003) (citing *PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1199 (2d Cir. 1996)); *accord Blash v. BCS Placements, LLC*, No. 19 Civ. 6321, 2020 WL 2832777, at *4 (S.D.N.Y. May 31, 2020).  When an agreement "contains a sweeping arbitration clause covering all disputes involving the meaning of terms and provisions of the agreement" and when the agreement "does not expressly exclude disputes over the

4

termination provision or 'evergreen' clause, disputes over these matters should be submitted to arbitration." *Abram Landau Real Estate v. Bevona*, 123 F.3d 69, 73 (2d Cir. 1997); *accord Watson v. USA Today Sports Media Grp., LLC*, No. 17 Civ. 7098, 2018 WL 2316634, at *5 (S.D.N.Y. May 8, 2018).

The Agreement evinces the parties' clear and unmistakable intent to arbitrate all disputes that arise from the Agreement, including disputes concerning termination of the Agreement. By its terms, Article X of the Agreement permits the Union to submit to arbitration unresolved "disputes arising between the parties involving questions of interpretation or application of any clause of this Agreement." "[A]ny clause of this Agreement" includes Article XII, the evergreen provision which specifies how the Agreement may be terminated.

Petitioner argues that the arbitration provision is inoperative because the Agreement expired and there is no colorable claim to suggest otherwise. *See Ottley v. Sheepshead Nursing Home*, 688 F.2d 883, 886 (2d Cir. 1982) (holding that, in order for a court to order arbitration, "there must at least be a colorable claim under the contract that the contract has not terminated"). Petitioner asserts that it discussed termination with Respondent in person and through a series of letters. Petitioner also notes that Respondent has not applied or enforced any term of the Agreement over the last five years since the purported termination.

Contrary to Petitioner's argument, Respondent has a colorable claim that, because the Agreement was never terminated, the arbitration provision is still operative. Petitioner cites a case that explains that where an agreement has "very clear abrogation procedures" and a party does not properly follow those procedures, there is "at least a colorable claim that the contract [has] not terminated." *Local Union No. 1 of the United Ass'n of Journeymen v. P.A.C. Heating, Inc.*, No. 16 Civ. 547, 2017 WL 1133346, at *4 (E.D.N.Y. Mar. 24, 2017). Article XII of the

5

Agreement provides detailed termination procedures to prevent renewal, specifically that notice of termination must be sent by certified mail between sixty and ninety days prior to the expiration date of the Agreement.  Petitioner did not send notice by certified mail.  Further, Petitioner's first letter, sent on April 30, 2015, purported to terminate an agreement between ABZ Contracting, Inc. and General Building Laborers Local 66, an entity not involved in this matter.  Petitioner's "correction letter" sent on May 12, 2015, was outside of the notice period specified by Article XII of the Agreement.  Because Petitioner did not follow the specific requirements to terminate the Agreement, there is at least a colorable claim that the Agreement has not been terminated.  Petitioner's further arguments, which assume the absence of a valid Agreement, do not apply.

## IV. CONCLUSION

For the foregoing reasons, the Petition to stay arbitration is denied.

The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: November 10, 2020
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**